■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD A. BURPEE, Appellant.—Judgment unanimously reversed on the law, motion granted and indictment dismissed. Memorandum: The police stopped defendant's car based solely on an anonymous telephone tip that defendant possessed cocaine. Defendant was seized when the car was stopped (see, *People v Sobotker,* 43 NY2d 559). In order to justify the stop,

the police needed reasonable suspicion based on specific and articulable facts that defendant committed a crime *(see, People v Ingle,* 36 NY2d 413, 418-420). The anonymous tip provided neither reasonable suspicion *(People v Sobotker, supra; People v La Pene,* 40 NY2d 210, 222-224) nor probable cause *(see, People v Bigelow,* 66 NY2d 417, 423-424) to justify the stop. To the extent that the decision in *Alabama v White* (496 US 325) may be interpreted to support a contrary result, it is clear that this decision and the totality of circumstances test of *Illinois v Gates* (462 US 213) upon which it relied, is unacceptable as a matter of State constitutional law *(see, People v Johnson,* 66 NY2d 398, 406). Since the stop of defendant's car was unlawful, the contraband seized must be suppressed *(see, Wong Sun v United States,* 371 US 471). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Criminal Possession Controlled Substance, 5th Degree.) Present—Doerr, J. P., Green, Pine, Lawton and Davis, JJ.