■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KATHERINE A. RANCE, Appellant. [644 NYS2d 447] —Judgment unanimously affirmed. Memorandum: At approximately 2:50 P.M. on February 3, 1994, a Town of Tonawanda police officer received a radio dispatch that an anonymous informant had reported that an intoxicated woman was leaving a business establishment at 2690 Sheridan Drive, and was entering the driver's seat of a red Oldsmobile with a particular license plate number. The officer arrived at that address within minutes and observed a red Oldsmobile with that plate number backing out of a space in the parking lot. The officer pulled up behind the vehicle to block its path and then approached defendant, the driver, to request her license and registration. Defendant, the only person in the vehicle, said that her license had been suspended. She mumbled as she spoke and her eyes were "glassy and watery". The officer asked defendant to perform field sobriety tests, but defendant refused. She was thereafter arrested for driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

Defendant contends that Supreme Court erred in denying her motion to suppress all evidence obtained by the police following the automobile stop, which defendant contends was unlawful. We disagree. The information in the radio dispatch provided reasonable suspicion to believe that defendant had committed or was about to commit a crime, thereby justifying a stop of the vehicle (*see, People v May*, 81 NY2d 725, 727). Police action may be based upon information from an anonymous source where, as here, it relates to "matters gravely affecting personal or public safety" (*People v Taggart*, 20 NY2d 335, 343, *mot to amend remittitur granted* 21 NY2d 729, *rearg denied* 21 NY2d 774, *appeal dismissed* 392 US 667; *cf., People v Burpee*, 175 AD2d 585, *lv denied* 79 NY2d 825).

We reject defendant's further contention that the court erred in failing to conduct a hearing to determine the admissibility of statements defendant made to the arresting officer. Defense counsel informed the court at the beginning of the suppression hearing that she did not wish to contest the voluntariness of those statements at that time, and defendant did not thereafter request a hearing for that purpose. In any event, the only statement of defendant admitted at trial was her admission

that her license had been suspended, and the People had established that fact independently of defendant's statement. Thus, even assuming, arguendo, that the court erred in failing to conduct a *Huntley* hearing, such error was harmless. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Driving While Ability Impaired.) Present—Denman, P. J., Pine, Fallon, Balio and Boehm, JJ.